## Long-Costello v. Gaul.

*Practice, J. P.—Judgment without hearing witnesses—Constable's return—Act of July 7, 1879.*

1. Judgment entered by a justice of the peace against a defendant in his absence without swearing or hearing any witnesses in support of plaintiffs' case, and without a duly certified affidavit or statement of claim having been served upon defendant, will be reversed on *certiorari*.

2. A constable's return that he served the defendant "personally by producing the original summons with sworn statement and bill attached, informing him of its contents, and by handing him a true and attested copy thereof," shows no service of a copy of plaintiffs' affidavit of claim, certified to by a justice, as provided for by the Act of July 7, 1879, P. L. 194.

*Certiorari* to justice of the peace. C. P. Northumberland Co., May T., 1926, No. 324.

*C. C. Lark,* for plaintiffs; *S. L. Gribbin,* for defendant.

LLOYD, J., Dec. 6, 1926.—The above action was instituted before a justice of the peace to recover for merchandise. The defendant did not appear and the justice rendered judgment for the plaintiff. The defendant thereupon caused a *certiorari* to issue against the said justice, assigning in support thereof the following reason: "Because the justice gave judgment against the defendant in his absence, without swearing or hearing any witnesses in support of plaintiffs' case and without a duly certified affidavit or statement of claim having been served upon defendant."

The record of the justice shows the judgment to be founded solely upon plaintiff's sworn statement of claim and defendant's failure to file an affidavit of defence. Such practice is countenanced by the Act of July 7, 1879, P. L. 194, provided, however, that the provisions of the act preliminary to such judgment have been complied with. These provisions, *inter alia*, are that plaintiff shall file with the justice, before issuance of the summons, an affidavit stating the amount he verily believes to be due; that the justice shall then make a copy of such affidavit, duly certify the same and deliver it to the constable to whom the summons issued, which certified copy shall be served at the time and in the manner that service is made of the summons. These several provisions are mandatory, and unless strictly followed the justice has no jurisdiction to render a judgment in the absence of an appearance in person by the plaintiff or his agent to substantiate the claim by proof.

Was the service in compliance with these provisions? The constable returned that he served the defendant "personally by producing the original summons with sworn statement and bill attached, informing him of its contents and by handing a true and attested copy thereof." A mere reference to this return shows no service of a copy of plaintiff's affidavit of claim certified to by the justice. Nor can it successfully be contended that the words "true and attested copy thereof," as contained in the said return, referred to

Long-Costello v. Gaul.

the affidavit of claim. The reference, doubtless, is to the summons, for the constable has no authority to attest an affidavit of claim—that is the peculiar duty of the justice. Moreover, we may not infer what was intended; the record must be self-sustaining; it must affirmatively appear therein that a certified copy of the affidavit of claims was served in the manner prescribed by the act. That it does not show this we have already said.

We, therefore, conclude that, under the records of this case, the Act of 1879 does not apply, and plaintiff not having appeared either in person or by agent to substantiate his claim by proof, the justice was without jurisdiction to render a judgment upon plaintiff's sworn statement of claim and defendant's failure to file an affidavit of defence. The judgment so rendered is invalid.

And now, Dec. 6, 1926, judgment reversed.

From C. K. Morganroth, Shamokin, Pa.